The Memorandum Decision and Order below is hereby signed.  Dated: February 22, 2008.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| PATRICIA D. VAUGHN, | ) | Case No. 08-00085 |
| | ) | (Chapter 7) |
| Debtor. | ) | NOT FOR PUBLICATION IN |
| | ) | WEST'S BANKRUPTCY REPORTER |

**MEMORANDUM DECISION AND ORDER DENYING DEBTOR'S REQUEST TO ACCEPT OUTDATED CERTIFICATE OF CREDIT COUNSELING AND GIVING <u>CREDITORS NOTICE OF OPPORTUNITY TO OBJECT TO § 109(h) DISMISSAL</u>**

On February 5, 2008, at 3:27 p.m., the debtor's attorney electronically filed the debtor's petition in the above-captioned bankruptcy case.  Included with the petition was the debtor's certificate of credit counseling, reflecting that the requisite counseling was obtained on August 8, 2007.  The counseling having been obtained 181 days prior to the filing of the petition, the clerk's office issued a notice advising the debtor that the certificate fails to comply with 11 U.S.C. § 109(h), which requires that the counseling be obtained "during the 180-day period preceding the date of filing of the petition . . . ."  Although 11 U.S.C. § 109(h) provides limited exceptions to this requirement when the debtor requests but fails to obtain the

requisite counseling shortly before the filing of the petition, the Code offers no similar relief to assist debtors who obtain pre-petition counseling more than 180 days prior to the date of the filing of the petition, albeit only one day outside that time frame.

The debtor's attorney filed a response to the clerk's deficiency notice (Docket Entry ("DE") No. 4, filed February 8, 2008), stating that:

> The Debtor's Chapter 7 bankruptcy petition in this case was initially filed along with the Debtor's Certificate of Credit Counseling on February 4, 2008.  However, the filing of the Debtor's petition could not be electronically filed because the office of the undersigned experienced a computer crash.  Based on this fact, the undersigned was advised that it would take a 24 hour period before the computer could effectively work.  The Debtor's petition was successfully transmitted the next day.  However, at the time it was inadvertently believed that the next day, February 5th was within the 180 day period.  Clearly this was a miscalculation.

Although the court credits the debtor's attorney's representation that he would have electronically filed the debtor's petition on February 4, 2008, had he not experienced technical difficulties, a failed attempt to electronically file a petition cannot serve as a point of reference for determining the date of the filing of the petition.[1]  Furthermore, and notwithstanding this court's

---

[1] The attorney concedes that the petition was not successfully transmitted to the court until February 5, 2008. Thus, the court rejects the debtor's attorney's suggestion that "this case was initially filed . . . on February 4, 2008."

2

general requirement that attorneys file all papers electronically, pursuant to the court's Administrative Procedures for Filing, Signing, and Verifying Documents by Electronic Means, attorneys may file documents in paper so long as the filing in question is accompanied by a motion for leave to file in paper. Thus, had counsel wished to file the debtor's petition on February 4, 2008, he could have permissibly done so by manually filing the papers at the courthouse.[2]  It is thus

ORDERED that the debtor's request to allow the case to proceed notwithstanding the debtor's failure to obtain credit counseling within the 180-day period preceding the date of the filing of the petition (DE No. 4) is DENIED.  It is further

ORDERED that all parties in interest are hereby given notice that within 10 days after entry of this order they may file an objection to the court dismissing this case pursuant to 11 U.S.C. § 109(h).

[Signed and dated above.]

Copies to: All entities on BNC mailing list.

---

[2] The court recognizes that a rigid application of the time limitations set forth in § 109(h) can produce seemingly harsh results, especially when a debtor fails to meet a deadline by only one day.  Should the debtor wish to continue her pursuit for relief under chapter 7 of the Bankruptcy Code, however, the dismissal of this case is unlikely to prevent the debtor from filing a new petition and obtaining credit counseling that complies with § 109(h).